UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, and ILLINOIS CREDIT UNION LEAGUE,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br>   *Defendant*. | Case No. 1:24-cv-07307<br><br>Hon. Virginia M. Kendall |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITATION WITH RESPECT TO MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiffs Illinois Bankers Association ("IBA"), American Bankers Association ("ABA"), America's Credit Unions ("ACU"), and Illinois Credit Union League ("ICUL"), by and through their attorneys, respectfully submit this unopposed motion for leave to exceed the page limitation with respect to Plaintiffs' Memorandum in Support of Their Motion for a Preliminary Injunction, and respectfully request permission to file a memorandum of no more than forty (40) pages. In support of this motion, Plaintiffs state as follows:

1. On August 15, 2024, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief ("Complaint"). Plaintiffs' four-count Complaint seeks a declaration that the Illinois Interchange Fee Prohibition Act, H.B. 4951, Section 150, 815 ILCS 151/150-1 *et seq.*, ("IFPA" or the "Act") is preempted and otherwise unlawful, and an injunction against its enforcement against any "issuer," "payment card network," "acquirer bank," "processor," or "other designated entity," *see* 815 ILCS 151/150-10(a), 150-15(a), as well as any other participants in the payment system needed to afford complete relief. Count I alleges that the National Bank Act ("NBA") preempts

the IFPA as it applies to national banks because the Act significantly interferes with multiple federal banking powers that the NBA grants to national banks. Count I further alleges that because the NBA preempts the IFPA as it applies to national banks, federal and Illinois law also preempt the IFPA as it applies to state-chartered banks. Count II alleges that the Home Owners' Loan Act ("HOLA") preempts the IFPA as it applies to Federal savings associations because the Act significantly interferes with multiple federal powers that the HOLA grants to Federal savings associations. Count II further alleges that because the HOLA preempts the IFPA as it applies to Federal savings associations, federal and Illinois law also preempt the IFPA as it applies to state-chartered savings banks and savings institutions. Count III alleges that the Federal Credit Union Act ("FCUA") preempts the IFPA as it applies to federal credit unions because the IFPA limits or affects multiple powers that the FCUA grants to federal credit unions. Count III further alleges that because the FCUA preempts the IFPA as it applies to federal credit unions, federal and Illinois law also preempt the IFPA as it applies to state-chartered credit unions. Moreover, in light of the federal preemption (and corresponding parity principles) applicable to banks, savings associations (and savings banks), and credit unions, the Complaint alleges that the IFPA also cannot be applied to payment card networks or any other participant in the electronic payment processing system needed to afford complete relief. Count IV alleges that the IFPA is preempted and unlawful as its Interchange Fee Prohibition is applied to debit card transactions because it conflicts with the Durbin Amendment to the Electronic Fund Transfer Act and its implementing Regulation II.

      2.      On August 20, 2024, Plaintiffs filed their Motion for a Preliminary Injunction. As set forth in the motion, Plaintiffs seek a preliminary injunction enjoining Defendant Kwame Raoul, in his official capacity as Illinois Attorney General, from enforcing the IFPA as to any "issuer," "payment card network," "acquirer bank," "processor," or "other designated entity," *see* 815 ILCS

1

151/150-10(a), 150-15(a), as well as any other participants in the payment system needed to afford complete relief while this case is pending.

3. Local Rule 7.1 provides that a brief in support of a motion shall not exceed fifteen (15) pages without leave of the Court. *See* L.R. 7.1. As referenced in the Motion for a Preliminary Injunction, Plaintiffs are contemporaneously filing this motion for leave to exceed the default 15-page limit.

4. Given the number of different statutory and constitutional sources of law applicable to the multiple types of financial institutions seeking relief, the legal complexity of the issues raised in Plaintiffs' Complaint and their Motion for a Preliminary Injunction, and the significance of the matter given the statutory and constitutional provisions at issue, Plaintiffs respectfully request that the Court allow them to exceed the fifteen (15) page limit with respect to their Memorandum in Support of Their Motion for a Preliminary Injunction.

5. Plaintiffs believe that a memorandum of forty (40) pages is necessary for appropriate presentation of all the relevant issues to the Court. Plaintiffs' proposed 40-page Memorandum in Support of Their Motion for a Preliminary Injunction details how the IFPA's statutory scheme usurps the federal government's sole regulatory authority over multiple types of federally chartered financial institutions (and, in turn, runs afoul of multiple provisions of federal and state law designed to ensure that federal and state financial institutions operate on a level playing field and are not treated in a discriminatory manner), and further demonstrates how Plaintiffs meet the standard for obtaining a preliminary injunction by showing not only a likelihood of success on the merits, but also that irreparable harm would ensue absent an injunction, and that the balance of equities and public interest favor an injunction.

6. Plaintiffs' proposed memorandum includes a table of contents and table of cases as required by Local Rule 7.1.

7. On August 20, 2024, Plaintiffs' counsel conferred with counsel at the Office of the Illinois Attorney General ("OAG") regarding this motion for leave to file excess pages. OAG informed Plaintiffs' counsel that it does not oppose this motion.

WHEREFORE, for the above-described reasons, Plaintiffs IBA, ABA, ACU, and ICUL respectfully request that the Court grant their unopposed motion for leave to exceed the fifteen (15) page limitation with respect to Plaintiffs' Memorandum in Support of Their Motion for a Preliminary Injunction, and to file a Memorandum in Support of Their Motion for a Preliminary Injunction of no more than forty (40) pages.

Dated: August 20, 2024 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ *Bethany K. Biesenthal*

Carolyn Settanni (*pro hac vice forthcoming*)　Bethany K. Biesenthal (N.D. Ill. 6282529)
ILLINOIS BANKERS ASSOCIATION　　　　Shea F. Spreyer (N.D. Ill. 6335869)
194 East Delaware Place, Ste. 500　　　　　JONES DAY
Chicago, IL 60611　　　　　　　　　　　　110 North Wacker Drive, Suite 4800
Telephone: +1.312.453.0167　　　　　　　Chicago, IL 60606
csettanni@illinois.bank　　　　　　　　　　Telephone: +1.312.782.3939
　　　　　　　　　　　　　　　　　　　　　Facsimile: +1.312.782.8585
Thomas Pinder (*pro hac vice forthcoming*)　bbiesenthal@jonesday.com
Andrew Doersam (*pro hac vice forthcoming*)　sfspreyer@jonesday.com
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave NW　　　　　　Charlotte H. Taylor (*pro hac vice pending*)
Washington, DC 20036　　　　　　　　　　JONES DAY
Telephone: +1.202.663.5035　　　　　　　51 Louisiana Avenue, NW
TPinder@aba.com　　　　　　　　　　　　Washington, DC 20001
adoersam@aba.com　　　　　　　　　　　Telephone: +1.202.879.3939
　　　　　　　　　　　　　　　　　　　　　Facsimile: +1.202.626.1700
Ann C. Petros (*pro hac vice forthcoming*)　ctaylor@jonesday.com
Carrie R. Hunt (*pro hac vice forthcoming*)
AMERICA'S CREDIT UNIONS　　　　　　Matthew J. Rubenstein (*pro hac vice pending*)
4703 Madison Yards Way, Suite 300　　　JONES DAY
Madison, WI 53705　　　　　　　　　　　90 South Seventh Street, Suite 4950
Telephone: +1.703.581.4254　　　　　　　Minneapolis, MN 55402
APetros@americascreditunions.org　　　　Telephone: +1.612.217.8800
chunt@americascreditunions.org　　　　　Facsimile: +1.844.345.3178
　　　　　　　　　　　　　　　　　　　　　mrubenstein@jonesday.com
Ashley Niebur Sharp (*pro hac vice
forthcoming*)　　　　　　　　　　　　　　Boris Bershteyn (*pro hac vice*)
ILLINOIS CREDIT UNION LEAGUE　　　Kamali P. Willett (*pro hac vice forthcoming*)
225 South College, Suite 200　　　　　　Sam Auld (*pro hac vice*)
Springfield, Illinois 62704　　　　　　　　SKADDEN, ARPS, SLATE,
Telephone: +1.217.372.7555　　　　　　　　MEAGHER & FLOM LLP
Ashley.Sharp@ICUL.com　　　　　　　　One Manhattan West
　　　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 735-3000
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 735-2000
　　　　　　　　　　　　　　　　　　　　　boris.bershteyn@skadden.com
　　　　　　　　　　　　　　　　　　　　　kamali.willett@skadden.com
　　　　　　　　　　　　　　　　　　　　　sam.auld@skadden.com

　　　　　　　　　　　　　　　　　　　　　Amy Van Gelder (N.D. Ill. 6279958)
　　　　　　　　　　　　　　　　　　　　　SKADDEN, ARPS, SLATE,
　　　　　　　　　　　　　　　　　　　　　　MEAGHER & FLOM LLP
　　　　　　　　　　　　　　　　　　　　　320 South Canal Street

Chicago, IL 60606
amy.vangelder@skadden.com

*Attorneys for Illinois Bankers Association, American Bankers Association, America's Credit Unions, and Illinois Credit Union League*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 20, 2024, a copy of the foregoing was filed using the CM/ECF system. Because Defendant has not yet entered an appearance, I will attempt to serve the foregoing by process unless Defendant's counsel agrees to service by email. I have also notified counsel at the Office of the Illinois Attorney General of the filing of the underlying complaint, the motion for a preliminary injunction, and the motion for leave to file excess pages with respect to Plaintiffs' memorandum in support of their motion for a preliminary injunction. I will both email and mail copies of the motion for a preliminary injunction, the motion for leave to file excess pages with respect to Plaintiffs' memorandum in support, and the notices of both motions for presentment to that counsel.

/s/ *Bethany K. Biesenthal*

*Attorney for Illinois Bankers Association, American Bankers Association, America's Credit Unions, and Illinois Credit Union League*