**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, and ILLINOIS CREDIT UNION LEAGUE, <br><br> *Plaintiffs*, <br><br> v. <br><br> KWAME RAOUL, in his official capacity as Illinois Attorney General, <br><br> *Defendant*. | **Case No.: 1:24-cv-07307** <br><br> **Hon. Virginia M. Kendall** |

**MOTION OF THE AMERICAN FREE ENTERPRISE**
**CHAMBER OF COMMERCE FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN**
**SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Local Rule 5.6, the American Free Enterprise Chamber of Commerce ("AmFree") respectfully moves this Court for leave to file the accompanying brief as *amicus curiae* in support of Plaintiffs' motion for a preliminary injunction. Plaintiffs consent to this motion. Defendant takes no position on the motion. In support of this motion, *amicus* states as follows:

1. This Court has discretion to permit the filing of an *amicus* brief. *Chamberlain Grp. v. Interlogix, Inc.*, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004). In exercising this discretion, courts consider whether the brief will "assist the judge . . . by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Id.* (quoting *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). A prospective *amicus* can meet this standard by "[h]ighlighting factual, historical, or legal nuance glossed over by the parties,"

1

"[e]xplaining the broader regulatory or commercial context in which a question comes to the court," or "[p]roviding practical perspectives on the consequences of potential outcomes." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers).

2.      Formed in 2022, AmFree is a 501(c)(6) organization that represents hard-working entrepreneurs and businesses of all sizes across all sectors of the American economy. AmFree's members are vitally interested in preserving free markets and innovation and eliminating unnecessary and burdensome regulations.

3.      AmFree was established to ensure the protection of the free market system in the United States and to foster the pro-growth environment that free market policies create.

4.      As pertinent to this case, AmFree fights against burdensome regulations that threaten our economic future. The Illinois Interchange Fee Prohibition Act ("IFPA") creates just such an economic threat. If not enjoined, it would inflict devastating damage to the debit and credit payment system in the United States—a system that is a key facilitator for trillions of dollars in transactions driving the economy every year. Banks, their customers, and the economy at large would suffer.

5.      The proposed brief details the history of the United States' national banking system, starting with the enactment of the National Bank Act of 1863, whereby Congress sought to remedy a gap created by the patchwork system of state banks that then existed by creating a system of nationally chartered banks operating under uniform, federal standards.

6.      The brief also discusses the history of the Dodd-Frank Act's preemption language. As that history demonstrates, Dodd-Frank's preemption language was strengthened during the legislative process to ensure that national banks would not be forced to comply with disparate and

burdensome state laws that would undermine the economic benefits of the national banking system.

7.    The brief concludes by explaining the harm the IFPA would cause by undermining Congress's vision of a national banking system that can operate without significant interference from state laws.  That harm would not only affect the banks and card networks who would be forced to retool their credit and debit card systems, but it would have unintended consequences that would likely harm consumers.  And the Nation's economy at large would suffer, as one of the primary systems facilitating consumer spending could be throttled by an inefficient regulatory patchwork of differing state laws.

8.    In making these arguments, the brief offers a unique perspective on this dispute, not yet explored by the parties or *amici*.

9.    Granting this motion will not result in prejudice to any party.

For the foregoing reasons, AmFree respectfully requests that the Court grant it leave to file the proposed *amicus curiae* brief.

September 24, 2024

Respectfully submitted,

/s/ *Patrick F. Philbin*
Patrick F. Philbin*
John V. Coghlan*
Kyle West*
Torridon Law PLLC
801 Seventeenth St., N.W.,
Suite 1100
Washington, DC 20006
(202) 249-6900
pphilbin@torridonlaw.com

*Counsel for* Amicus Curiae *the American Free Enterprise Chamber of Commerce*

*Application for admission *pro hac vice* pending