# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION et al., <br><br> Plaintiffs, <br><br> v. <br><br> KWAME RAOUL, in his official capacity as Illinois Attorney General, <br><br> Defendant. | No. 24 C 7307 <br><br> Honorable Virginia M. Kendall |

## OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF

The Office of the Comptroller of the Currency ("OCC") seeks leave to file an amicus brief in support of plaintiffs' motion for a preliminary injunction 48 hours before the deadline for the Attorney General to file an opposition brief and six weeks after the motion was filed. ECF 61. The motion is untimely and would prejudice the Attorney General's ability to defend the statute. The Court should deny the motion and strike the proposed amicus brief from the docket. If the motion is granted, the Attorney General respectfully requests a one-week extension of the deadline for filing the opposition brief, such that the brief is due on or before October 11, 2024, and a five-page expansion of the page limit (to 45 pages).

The proposed amicus brief is untimely and the motion should be denied. Because the Federal Rules of Civil Procedure do not expressly contemplate the filing of amicus briefs, district courts generally "look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level." *Am. Humanist Ass'n v. Maryland-Nat'l Cap. Park & Plan. Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014); *accord, e.g.*, *Stoyas v. Toshiba Corp.*, 2021 WL 2315200, at *2 (C.D. Cal. June 7, 2021); *Texas v. United States*, 2021

WL 2172837, at *1 (S.D. Tex. Mar. 5, 2021); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). Federal Rule of Appellate Procedure 29(a)(6) provides a bright-line rule for the timing of amicus briefs: The brief must be filed "no later than the 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). The rule's purpose is to permit the party opposing the amicus brief to have the opportunity to review it and respond as necessary.

The OCC's proposed amicus brief plainly does not meet that standard. Plaintiffs filed their motion for a preliminary injunction six weeks ago, and the Attorney General must file his response to that motion in less than 48 hours. The brief has been substantially drafted and is in the process of being reviewed internally. At this late stage, it would be prejudicial to permit the brief to be filed, because there simply is not time to address its arguments before the deadline. Although our general practice is to not oppose the filing of amicus briefs that are substantially compliant with the relevant rules, *cf.* U.S. Dep't of Justice, Justice Manual § 2-2.125 (advising attorneys for the federal government to consent to amicus briefs "condition[ed]" on "compliance with the timeliness and length requirements" of Rule 29),* OCC's proposed brief fails even that basic standard. The Court should deny the motion and strike the proposed brief from the docket.

If the Court grants the motion, the Attorney General respectfully requests a one-week extension of the deadline for filing the opposition brief, such that the brief is due on or before October 11, 2024, and a five-page expansion of the page limit (to 45 pages).

---

* https://www.justice.gov/jm/jm-2-2000-procedure-respect-appeals-generally (last updated July 2018).

## CONCLUSION

The Court should deny the OCC's motion for leave to file an amicus curiae brief and strike the proposed brief from the docket. If the Court grants the motion, it should extend the Attorney General's deadline to October 11, 2024, and permit the Attorney General to file an opposition brief of up to 45 pages in length.

Dated: October 3, 2024

Respectfully submitted,

/s/ Alex Hemmer
R. Douglas Rees
Alex Hemmer
Darren Kinkead
Office of the Attorney General
115 South LaSalle Street
Chicago, IL 60603
(773) 590-7932
Alex.Hemmer@ilag.gov

# CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I electronically filed the foregoing opposition with the Clerk of the Court using the CM/ECF system on October 3, 2024. All other participants in this case are CM/ECF users and will be served by that system.

/s/ Alex Hemmer
Alex Hemmer