UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, and ILLINOIS CREDIT UNION LEAGUE,<br><br>Plaintiffs,<br><br>-v-<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br>Defendant, and<br><br>ILLINOIS RETAIL MERCHANTS ASSOCIATION; ILLINOIS FUEL AND RETAIL ASSOCIATION; NATIONAL ASSOCIATION OF CONVENIENCE STORES; NATIONAL RETAIL FEDERATION; FOOD MARKETPLACE INC.,<br><br>Proposed Intervenor Defendants. | Case No. 24 Civ. 7307<br><br>Honorable Virginia M. Kendall |

**MOTION OF ILLINOIS RETAIL MERCHANTS ASSOCIATION, ILLINOIS FUEL AND RETAIL ASSOCIATION, NATIONAL ASSOCIATION OF CONVENIENCE STORES, NATIONAL RETAIL FEDERATION, AND FOOD MARKETPLACE INC. TO INTERVENE AS DEFENDANTS OR, IN THE ALTERNATIVE, <u>MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE</u>**

Pursuant to Federal Rule of Civil Procedure 24 and Local Rule 5.6, the Illinois Retail Merchants Association ("IRMA"), the Illinois Fuel and Retail Association ("IFRA"), the National Association of Convenience Stores ("NACS"), the National Retail Federation ("NRF"), and Food Marketplace Inc. dba FMI-the Food Industry Association ("FMI") (collectively, "Proposed Intervenor Defendants") respectfully submit this Motion to Intervene as Defendants, or, in the alternative, Motion for Leave to File a Brief as *Amici Curiae* in support of the Illinois Interchange Fee Prohibition Act, 815 ILCS 151/150-1 et seq., and Kwame Raoul, in his official capacity as Illinois Attorney General. For the reasons set forth below, IRMA, IFRA, NACS, NRF, and FMI respectfully request that this Court grant the Motion and allow them to intervene as defendants in the above-captioned case and permit the filing of the brief in opposition to Plaintiffs' motion for a preliminary injunction attached to this motion. In the alternative, IRMA, IFRA, NACS, NRF, and FMI respectfully request that this Court grant leave to file the brief attached as *amici curiae* in support of Defendant. The Attorney General does not oppose the motion. Plaintiffs oppose the motion to intervene but do not oppose the motion for leave to file a brief as *amici curiae*.

Consistent with Federal Rule of Civil Procedure 24(c), IRMA, IFRA, NACS, NRF, and FMI respectfully request leave to defer filing an answer in intervention until such time as Defendant is required to answer, or upon order of this Court.

**BACKGROUND**

IRMA is the only statewide organization exclusively representing retailers in Illinois. IRMA advocates for policies to benefit retailers at all levels of Illinois government, from the state legislature to Chicago City Hall to regulatory agencies across the state. IRMA's members operate more than 23,000 stores of all sizes and merchandise lines throughout Illinois.

1

IFRA is a trade association of businesses in the petroleum distribution industry, such as petroleum marketers and convenience stores. IFRA members operate over 1,000 gas stations in Illinois and assist the State in collecting over $2.5 billion in state motor fuel taxes every year. IFRA also advocates on behalf of its members before the Illinois Governor, regulatory agencies, and Legislature, and partners with multiple national associations to advocate in Washington, D.C.

NACS is the leading global trade association dedicated to the convenience and fuel retailing industries. Its members include over 1,300 retail merchants and over 1,600 suppliers, of all sizes. Among other things, NACS publishes frequent thought leadership pieces on the convenience and fuel retailing industry, advocates for policy issues before Congress and federal government agencies, and hosts events and other opportunities to connect NACS members and share insight on issues affecting the entire industry. More than 5,000 convenience stores operate in the State of Illinois and employ more than 83,000 people.

NRF is the world's largest retail trade association. Its members include over 17,000 merchants across the diverse retail industry, including department stores, restaurants, grocery stores, Internet retailers, and others. Among other things, NRF advocates for policies that will benefit the retail industry and provides a professional network for thousands of industry representatives. Many of NRF's members operate in the State of Illinois.

FMI is a trade association representing members in the food industry across the entire consumer food supply chain. Its members include over 40,000 retail food stores and 25,000 pharmacies. Among other things, FMI provides its members a forum to engage in dialogue on matters affecting all aspects of the food supply chain, and it advocates for policies in federal and

state governments that will benefit the food industry. Many of FMI's members operate in the State of Illinois.

Merchant members of IRMA, IFRA, NRF, NACS, and FMI are primary targets of a multi-billion-dollar interchange fee practice. Merchants are required to pay interchange fees to payment card networks like Visa and Mastercard, as well as banks issuing credit and debit cards, as a condition of accepting credit- and debit-card payments. In 2023 alone, U.S. merchants paid more than $224 billion in processing fees—comprised primarily of interchange fees.[1] According to a recent study by the Federal Reserve Bank of San Francisco, debit and credit cards were used in 60% of payments in 2022.[2] IRMA, IFRA, NRF, NACS, and FMI have an interest in their members not being charged excessive interchange fees on funds that are not theirs, such as taxes and tips, and in safeguarding the ability of states like Illinois to protect the interests of merchants and consumers from such economically harmful practices.

## ARGUMENT

**I.     The Court Should Grant Leave to Intervene Under Rule 24(b).**

A.  *There Are Common Questions of Fact and Law Shared with the Main Action*.

Under Federal Rule of Civil Procedure 24(b)(1)(B), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The district court's decision whether to permit intervention under Rule 24(b) is "wholly discretionary." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 803 (7th Cir. 2019). Here, the Court should exercise its discretion to permit IRMA, IFRA, NACS, NRF,

---

[1] CMSPI, *State of the Industry Report* 8-13 (Sept. 2024), https://insights.cmspi.com/soir-2024 ("Interchange is typically the largest cost within the MSC [Merchant Service Charge].").

[2] Emily Cubides & Shaun O'Brian, *2023 Findings from the Diary of Consumer Payment Choice* fig. 1 (2023), https://www.frbsf.org/cash/wp-content/uploads/sites/7/2023-Findings-from-the-Diary-of-Consumer-Payment-Choice.pdf.

3

and FMI to intervene as defendants, for several reasons. *First*, the Proposed Intervenor Defendants share a clear common question of law with the main action because they seek to defend the Illinois Interchange Fee Prohibition Act ("IFPA" or the "Act"), which Plaintiffs seek to enjoin. *See id.* (finding that the proposed intervenor defendant had "a defense—that [plaintiff's] complaint fails to state a claim—that shares a question of law with the main action").

*Second*, there is further legal and factual overlap because the IFPA explicitly affects merchants like Proposed Intervenor Defendants' members. For one, the Act prohibits certain parties from "receiv[ing] or charg[ing] *a merchant* any interchange fee on the tax amount or gratuity of an electronic payment transaction." 815 ILCS 151/150-10(a) (emphasis added). Moreover, to avoid being charged interchange fees on the tax or gratuity amount, merchants must either "transmit the tax or gratuity amount data as part of the authorization or settlement process" or "submit tax documentation for the electronic payment transaction to the acquirer bank or its designee no later than 180 days after the date of the electronic payment transaction." *Id.* 10(a)-(b). Proposed Intervenor Defendants thus seek to defend a statute regulating their own members' conduct, which is a common question of law shared with the main action.

*Third*, Proposed Intervenor Defendants' defense of the IFPA shares common questions of fact with the main action, because Plaintiffs raise numerous issues regarding the steps that they allege merchants will need to take to comply with the Act. For example, Plaintiffs' brief in support of their motion for preliminary injunction asserts that "[m]erchants . . . would likely have to purchase new point-of-sale terminals and new software to run them. In the past, the timeframe for implementing far simpler changes across the payment system has run to *several years*." ECF No. 24, at 3. Proposed Intervenor Defendants' brief in opposition and supporting declarations discuss potential upgrades to merchants' point-of-sale terminals and rebuts Plaintiffs' contentions

4

regarding how burdensome such upgrades would be. Similarly, Proposed Intervenor Defendants rebut Plaintiffs' allegations regarding the "difficulties and costs that attempts to comply [with the IFPA] would impose on all payment-system participants—including merchants and cardholders," ECF No. 24, at 5, by providing a declaration from persons with knowledge of these merchant systems explaining how the steps required to prepare merchants for the IFPA's effective date are feasible and not overly costly. In short, what is at issue in the main action is not just the conduct of payment card networks and issuing banks, but also the conduct of merchants, resulting in clear factual overlap between the main action and Proposed Intervenor Defendants' defense of the IFPA. Proposed Intervenor Defendants thus satisfy the requirements of Rule 24(b).

- B. *The Court Will Benefit From the Merchants' Perspectives, the Motion Is Timely, and Allowing Intervention Will Not Cause Delay or Prejudice to the Existing Parties.*

In exercising its discretion, the Court may consider whether it "will benefit from the perspectives and arguments that the Proposed Intervenors bring to the Court." *Texas v. Dep't of Homeland Sec.*, No. 6:23-CV-00007, 2023 WL 3025080, at *3 (S.D. Tex. Apr. 19, 2023). Here, the Court will benefit from hearing merchants' perspectives on the IFPA. In support of their arguments opposing preliminary injunctive relief, Proposed Intervenor Defendants offer the perspective of a businessperson with first-hand knowledge of the payments systems used by merchants and how they would need to be upgraded in response to the IFPA. If permitted to intervene, Proposed Intervenor Defendants will provide additional insight and perspective from their merchant members and others with knowledge of the industry. The perspective of those with years of experience in the industry like Barry Hanen and John Drechny, as well as other merchants like the Proposed Intervenor Defendants' members, will provide the Court with a more comprehensive understanding of the payments industry. Such an understanding is crucial to assessing the credibility of Plaintiffs' allegations, which hinge on assertions about the effect the

IFPA will have on all members of the payments ecosystem, including merchants and consumers. Plaintiffs claim that "[b]anks, Card Networks, consumers, small business owners, and others would all suffer" because of the IFPA. ECF No. 24, at 40. The Court need not simply take the banks at their word; the Court can instead hear from other affected parties.

Moreover, allowing intervention would not cause "undue delay or prejudice" to the existing parties. Fed. R. Civ. P. 24(b)(3). Intervention is timely, as the complaint was only filed in August 2024, and there is thus no need to reopen or revisit any issues. Proposed Intervenor Defendants have accordingly acted "reasonably promptly" after learning of the suit. *Ali v. City of Chicago*, 34 F.4th 594, 599 (7th Cir. 2022). Moreover, the Illinois Attorney General, the only other defendant in this action, does not oppose the requested intervention. Proposed Intervenor Defendants are prepared to work with the Illinois Attorney General and all other parties to ensure the litigation proceeds efficiently and without duplication. Proposed Intervenor Defendants will also abide by the Court's scheduling order, with which it has already complied by submitting its opposition to preliminary injunction within the time permitted by the Court for the Illinois Attorney General. *See Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 88 (D. Conn. 2014) (granting permissive intervention and finding no risk of delay or prejudice because the intervenors "have agreed to abide by the existing scheduling order"). There is thus no risk of delay or prejudice.

## II. In the Alternative, the Court Should Grant Leave to File Brief as Amici Curiae

If the Court does not grant IRMA, IFRA, NACS, NRF, and FMI leave to intervene as defendants, then in the alternative, they respectfully request this Court's leave to file the brief attached as *amici curiae*. "Permitting an *amicus curiae* brief is discretionary." *Chamberlain Grp., Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004). Amicus briefs can assist the Court by "presenting ideas, arguments, theories, insights, facts, or

data that are not to be found in the parties' briefs." *Id.* (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Here, IRMA, IFRA, NACS, NRF, and FMI present facts, insights, and arguments from the perspective of merchants. Merchants have first-hand perspective on important issues like upgrading Point-of-Sale systems to capture tax and gratuity information and how interchange fees affect the business and operations of merchants. For that reason, their perspective will be a useful addition to the Court's analysis and understanding of the relevant issues, particularly because merchants are some of the parties most directly affected by the IFPA.

## CONCLUSION

For the foregoing reasons, IRMA, IFRA, NACS, NRF, and FMI respectfully submit that the Court should grant them leave to intervene as defendants or, in the alternative, to file the attached opposition brief as *amici curiae*.

Respectfully submitted,

*/s/ Paul E. Slater*
Paul E. Slater
David P. Germaine
Sperling & Slater, LLC
55 W. Monroe Street, 32nd Floor
Chicago, Il 60603
Tel: (312) 641-3200
pes@sperling-law.com

Owen Glist (*pro hac vice forthcoming*)
CONSTANTINE CANNON LLP
6 E 43rd St Fl. 26
New York, NY 10017
Tel.: (212) 350-2700
Fax: (212) 350-2701
oglist@constantinecannon.com

Jeffrey I. Shinder (*pro hac vice forthcoming*)
SHINDER CANTOR LERNER LLP
14 Penn Plaza, Suite 1900
New York, NY 10122
Tel.: (646) 960-8602
jeffrey@scl-llp.com

Patrick M. Kennedy (*pro hac vice forthcoming*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., NW, 1300N
Washington, D.C. 20004
Tel.: (202) 204-3500
Fax: (202) 204-3501
pkennedy@constantinecannon.com

*Attorneys for Illinois Retail Merchants Association, Illinois Fuel and Retail Association, National Association of Convenience Stores, the National Retail Federation, and Food Marketplace Inc. dba FMI-the Food Industry Association*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2024, a copy of the foregoing document was served on all counsel of record via CM-ECF.

/s/ Paul E. Slater
Paul E. Slater

*Attorney for Illinois Retail Merchants Association, Illinois Fuel and Retail Association, National Association of Convenience Stores, the National Retail Federation, and Food Marketplace Inc. dba FMI-the Food Industry Association*