IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br>　　　Defendant. | No. 24 C 7307<br><br>Honorable Virginia M. Kendall |

## THE ATTORNEY GENERAL'S MOTION TO DISMISS

Defendant Kwame Raoul, in his official capacity as Illinois Attorney General, respectfully moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiffs' complaint, ECF 1, for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. The grounds for the Attorney General's motion are set forth in his combined memorandum in opposition to plaintiffs' motion for a preliminary injunction and in support of his motion to dismiss, which is incorporated by reference.

*First*, as explained in section I.A.1 of the Attorney General's supporting memorandum, plaintiffs' claims concerning the Interchange Fee Prohibition, 815 ILCS 151/150-10(a), 150-15(a), are barred by sovereign immunity because plaintiffs have not shown the Attorney General is authorized to enforce that provision.

*Second*, as explained in section I.A.2 of the Attorney General's supporting memorandum, plaintiffs' claims based on the Illinois Banking Act, 205 ILCS 5, Savings Bank Act, 205 ILCS 205, and Illinois Credit Union Act, 205 ILCS 305, are barred by sovereign immunity because federal courts cannot grant relief against state officials based on an alleged violation of state law.

1

*Third*, as explained in section I.B.1 of the Attorney General's supporting memorandum, plaintiffs lack Article III standing to pursue their claims concerning the Interchange Fee Prohibition, 815 ILCS 151/150-10(a), 150-15(a), because plaintiffs have not shown the Attorney General is authorized to enforce that provision and, in addition, because the provision is independently enforceable by elected state's attorneys and affected merchants. Thus, enjoining the Attorney General's enforcement of the Interchange Fee Prohibition, as plaintiffs request, will not redress their members' purported injuries.

*Fourth*, as explained in section I.B.2 of the Attorney General's supporting memorandum, plaintiffs lack Article III standing to pursue their claims concerning the Data Usage Limitation, 815 ILCS 151/150-15(b), because they have not shown that provision covers their members' desired conduct and therefore cannot establish the Attorney General's threatened enforcement of the provision is sufficiently imminent to create an Article III injury.

For these reasons, and as explained more fully in his supporting memorandum, the Attorney General respectfully moves the Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiffs' complaint, ECF 1, for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

Dated: October 4, 2024                                      Respectfully submitted,

                                                                                  /s/ Darren Kinkead  
                                                                                 R. Douglas Rees  
                                                                                 Alex Hemmer  
                                                                                 Darren Kinkead  
                                                                                 Office of the Attorney General  
                                                                                115 South LaSalle Street  
                                                                                Chicago, IL 60603  
                                                                                (773) 590-6967  
                                                                                Darren.Kinkead@ilag.gov