THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION et. al ) ) ) *Plaintiffs*, ) v. ) ) KWAME RAOUL, in his official capacity as ) Illinois Attorney General, ) ) *Defendant*. ) | No. 24 C 7307 Chief Judge Virginia M. Kendall |

## ORDER

Five organizations, representing various business interests in Illinois, move to intervene in *Illinois Bankers Association et al. v. Kwame Raoul*. (Dkt. 73). The organizations[1] (collectively, "Proposed Intervenor Defendants") argue that their perspective, as groups representing merchants, would assist the State in defending the Illinois Interchange Fee Prohibition Act. For the reasons discussed below, the Court denies Proposed Intervenor Defendants' Motion. [73]. The Court will, however, consider the briefs Proposed Intervenor Defendants filed in opposition (Dkt. 73) to Plaintiffs' Illinois Bankers Association et al.'s[2] Motion for Preliminary Injunction (Dkt. 15) as amicus curiae briefs.

## BACKGROUND

Proposed Intervenor Defendants seek to become parties in *Illinois Bankers Association et al. v. Kwame Raoul*—a case, which concerns the Illinois Interchange Fee Prohibition Act ("IFPA"). 815 ILCS 151/150-1 *et seq*. (Dkt. 73 at 4). The IFPA, slated to take effect on July 1, 2025, is a law that (i) limits the amount card networks may charge merchants in interchange fees and (ii) prohibits the use of card transaction data for all parties other than merchants. 815 ILCS 151/150-1 *et seq*.

In August 2024, Plaintiffs Illinois Bankers—various banking and retail groups—filed a motion for preliminary injunction to enjoin Illinois Attorney General, Kwame Raoul, from enforcing the IFPA (Dkt. 15). The state AG responded in October 2024 with a motion to dismiss. (Dkt. 76). On December 20, 2024, the Court partially granted both Plaintiffs' preliminary injunction motion and the State's motion to dismiss (Dkt. 104). The Court reserved judgment on two of Plaintiffs' claims. (*Id*.)

---

[1] The Proposed Intervenor Defendants are: the Illinois Retail Merchants Association ("IRMA"), the Illinois Fuel and Retail Association ("IFRA"), the National Association of Convenience Stores ("NACS"), the National Retail Federation ("NRF"), and Food Marketplace Inc. dba FMI-the Food Industry Association ("FMI"). (Dkt.73 at 1).
[2] The other Plaintiffs are the American Bankers Association, America's Credit Unions, the Illinois Credit Union League, and the Illinois Retail Merchants Association.

Around the same time that the State moved to dismiss the case, Proposed Intervenor Defendants moved for permissive intervention or, in the alternative, for leave to file an amicus curiae brief, which they attached to their motion. (Dkt. 73 at 1). Because the Court has yet to rule on some of Plaintiffs' preliminary injunction claims, and the underlying case remains active, Proposed Intervenor Defendants' Motion is ripe for adjudication. (Dkt. 104).

Proposed Intervenor Defendants represent a variety of stakeholders, each claiming that the IFPA will benefit them. (Dkt. 73 at 3). The IRMA is a statewide organization representing retailers; the IFRA is a trade association of businesses in the petroleum distribution industry; the NACS is a global trade association dedicated to convenience and fuel retailing industries; the NRF is also a retail trade association; the FMI is a trade association representing members in the food industry across the entire consumer food supply chain. (*Id*. at 2).

## **DISCUSSION**

Because Proposed Defendant Intervenors do not claim that they are entitled to intervene by right, Rule 24(b)(1)(B) governs the Court's analysis. Rule 24(b)(1)(B) provides for permissive intervention when a timely motion is brought and the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." In making its assessment, a court must consider " 'whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' " and any other factors it deems relevant. *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 803 (7th Cir. 2019) (citations omitted) Rule 24(b)(3).

The Seventh Circuit has explained that "[m]ore is at stake in a Rule 24(a) inquiry: the would-be intervenor is claiming that a significant interest of his is likely to be impaired if he is not permitted to intervene," whereas "Rule 24(b) is just about economy in litigation." *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 987 (7th Cir. 2011); Because the stakes are lower with Rule 24(b), "[w]hether to allow permissive intervention is a highly discretionary decision." *Bost v. Illinois State Bd. of Elections*, 75 F.4th 682, 690 (7th Cir. 2023)

Proposed Intervenor Defendants argue the Court should grant their Motion because they share a common question of law and fact with the main action. (Dkt. 73 at 4). Specifically, Proposed Intervenor Defendants contend that because the IFPA limits how much card networks may charge *merchants* in interchange fees, Proposed Intervenor Defendants, as organizations representing merchants, should be able to participate in the litigation. 815 ILCS 151/150-10(a); (Dkt. 73 at 4).

While it is true that the IFPA impacts merchants, the state AG, who is responsible for defending the law, is already actively defending the IFPA. *U.S. ex rel. Walker v. O'Leary*, 973 F.2d 521, 525 (7th Cir. 1992) (quoting *People v. Finnegan*, 378 Ill. 387 (1941)) (writing that the Illinois AG is " 'charged with protection of public rights and the enforcement of public duties, by proper proceedings in the courts of justice' "); (*See* Dkt. 104 at 8). Proposed Intervenor Defendants, therefore, bear the burden of showing that state attorney general will not adequately represent their interests. And "when the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to adequately

2

represent their interests unless there is a showing of gross negligence or bad faith." *Ligas v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007); *see also Habitat Educ. Ctr., Inc. v. Bosworth*, 221 F.R.D. 488, 495 (E.D. Wis. 2004) ("When a government agency charged with representing a public interest is a party and the intervenor's interest falls within the public interest, the interests may well be insufficiently distinguishable to justify intervention.").

Proposal Intervenor Defendants have not shown that the State has inadequately represented their interests. Thus far, the State has vigorously defended the IFPA. The State opposed Plaintiffs' motion for preliminary injunction (Dkt. 76), moved to dismiss the entire suit (*Id*.) and, albeit unsuccessfully, opposed the Office of the Comptroller of the Currency's motion for leave to file an amicus brief in support of Plaintiff's motion. (Dkt. 62). Further, Proposed Intervenor Defendants do not allege that the state's representation of their interests is grossly negligent or bad faith; rather, Proposed Intervenor Defendants merely argue that by joining the lawsuit, they "will provide additional insight and perspective from their merchant members and others with knowledge of the industry." *Ligas*, 478 F.3d at 774; (Dkt. 73 at 5). Moreover, "where a prospective intervenor has the same goal as the party to a suit, there is a presumption that the representation in the suit is adequate." *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994). Here, Proposed Intervenor Defendants and the State share a common goal: to defend the IFPA. Consequently, Proposed Intervenor Defendants have not persuaded the Court that the state does not "adequately represent their interests." *Ligas*, 478 F.3d at 774.

What's more, because the state adequately represents Illinois merchants' interest in the IFPA, permitting Proposed Intervenor Defendants to join the lawsuit would needlessly "use up the [C]ourt's time and resources." *Bost*, 75 F.4th at 691. Even though the State does not oppose the proposed defendants from joining the suit, it does not mean that Proposed Intervenor Defendants could not delay the litigation down the line. When a new defendant joins, he acquires "control of the suit" and a "right to conduct the case in a way that may undermine the interests of the original plaintiff." *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 531 (7th Cir. 1988). Depending on how the litigation proceeds, allowing Proposed Interveor Defendants to join the suit could unduly delay the suit.

Because of the time sensitive nature of a motion for pre-enforcement injunctive relief, the Court will consider the brief Proposed Intervenor Defendants submitted in opposition to Plaintiffs' Motion without granting the movants leave to file the brief. (*See* Dkt. 73-1) (Proposed Intervenor Defendants' Brief in Opposition). The Court does caution that, pursuant to Local Rule 5.6, no further amicus filings will be permitted absent a properly filed motion requesting leave to do so. Any future filings by a non-party to this case that are not preceded by a properly noticed request for leave to file will be summarily stricken.

3

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Intervene [73] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: January 31, 2025