IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KWAME RAOUL, in his official capacity as Illinois Attorney General, <br><br> Defendant. | No. 24 C 7307 <br><br> Honorable Virginia M. Kendall |

**THE ATTORNEY GENERAL'S UNOPPOSED MOTION FOR EXCESS PAGES, TO EXCUSE COMPLIANCE WITH LOCAL RULE 56.1(a)(2), AND TO SET A BRIEFING SCHEDULE ON HIS ANTICIPATED CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs are trade associations representing banks, credit unions, and other institutions that participate in processing credit and debit card payments. They believe that the Interchange Fee Prohibition Act, 815 ILCS 151/art. 150, is preempted by various federal laws. On March 17, they filed a motion for summary judgment, ECF 123, supported by a 40-page memorandum, ECF 125. The Court ordered the Attorney General to respond on April 23 and plaintiffs to reply on May 7. ECF 129. The Attorney General intends to file a cross-motion for summary judgment supported by a combined memorandum that both supports his motion and opposes plaintiffs'.

The Attorney General respectfully moves the Court for the following relief in connection with his anticipated cross-motion for summary judgment:

1. The Court previously granted plaintiffs' unopposed motion to file a 40-page memorandum in support of their motion for summary judgment. ECF 122. Plaintiffs explained, and the Court agreed, that "[g]iven the number of different statutory and constitutional sources of law applicable to the multiple types of financial institutions seeking relief, the legal complexity

of the issues raised [ ], and the significance of the matter given the statutory and constitutional provisions at issue," a 40-page memorandum "is necessary for appropriate presentation of all the relevant issues to the Court." ECF 121, ¶ 4; *see also* ECFs 22 & 59 (granting the parties leave to file 40-page memorandums in support of and in opposition to plaintiffs' motion for a preliminary injunction). For substantially the same reasons, and in the interest of fairness, the Attorney General respectfully moves the Court for leave to file a 40-page memorandum that will both support his cross-motion for summary judgment and respond in opposition to the arguments raised by plaintiffs in the 40-page memorandum supporting their motion for summary judgment. Plaintiffs do not oppose this request.

   2. Local Rule 56.1(a)(2) provides: "With each summary judgment motion filed under Fed. R. Civ. P. 56, the moving party must serve and file . . . a statement of material facts that complies with LR 56.1(d) and that attaches the cited evidentiary material." The Attorney General does not intend to rely on any additional facts in support of his cross-motion for summary judgment beyond those set forth in plaintiffs' statement of material facts, ECF 124, that he intends to admit in his response pursuant to Local Rule 56(e). Therefore, the Attorney General respectfully moves the Court to excuse his compliance with Local Rule 56.1(a)(2) when filing his cross-motion for summary judgment. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (district courts have discretion to relax local rules). Plaintiffs do not oppose this request.

   3. The Attorney General conferred with plaintiffs regarding a briefing schedule on his cross-motion for summary judgment. Plaintiffs will file a combined reply in support of their motion and response in opposition to the Attorney General's motion on May 7, as previously ordered. ECF 129. The Attorney General respectfully moves the Court to set a deadline of May 21 to file his reply in support of his cross-motion. Plaintiffs do not oppose this request.

WHEREFORE, for these reasons, the Attorney General respectfully moves the Court (1) for leave to file a 40-page combined memorandum in support of his cross-motion for summary judgment and in opposition to plaintiffs' motion for summary judgment, (2) to excuse his compliance with Local Rule 56.1(a)(2) when filing his cross-motion, and (3) to set a deadline of May 21 to file his reply in support of his cross-motion.

Dated: April 18, 2025

Respectfully submitted,

/s/ Darren Kinkead
R. Douglas Rees
Alex Hemmer
Darren Kinkead
Office of the Attorney General
115 South LaSalle Street
Chicago, IL 60603
(773) 590-6967
Darren.Kinkead@ilag.gov