IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br>    Defendant. | No. 24 C 7307<br><br>Honorable Virginia M. Kendall |

**THE ATTORNEY GENERAL'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs are trade associations representing banks, credit unions, and other institutions that participate in processing credit and debit card payments. They believe that the Interchange Fee Prohibition Act, 815 ILCS 151/art. 150 ("IFPA"), is preempted by various federal laws.

Defendant Kwame Raoul, in his official capacity as Illinois Attorney General, respectfully moves the Court for summary judgment on all plaintiffs' claims pursuant to Federal Rule of Civil Procedure 56(a). The grounds for the Attorney General's motion are set forth in his combined memorandum in opposition to plaintiffs' motion for summary judgment and in support of his cross-motion for summary judgment, which is incorporated by reference. The Attorney General's motion is further supported by his response to plaintiffs' statement of material facts, which is also incorporated by reference.

*First*, as explained in section I of the Attorney General's memorandum, plaintiffs' claims are barred by sovereign immunity and lack of Article III standing. Plaintiffs have not established that the Attorney General's common law powers allow him to enforce the portion of the IFPA

known as the Interchange Fee Prohibition. Nor have they established that the portion of the IFPA known as the Data Usage Limitation covers their members' conduct.

*Second*, as explained in section II of the Attorney General's memorandum, the IFPA is not preempted by the National Bank Act. State laws are preempted by the National Bank Act only if they interfere with a national bank's exercise of its powers to an extreme degree. But neither the Interchange Fee Prohibition nor the Data Usage Limitation meaningfully interferes with any national bank power. Further, the plain language of the National Bank Act's express preemption clause establishes Congress's intent that National Bank Act preemption does not extend to entities that are not national banks.

*Third*, as explained in section III of the Attorney General's memorandum, the IFPA is not preempted by the Federal Credit Union Act. Plaintiffs' argument that courts "routinely extend" *Barnett Bank* preemption to "federal instrumentalities" like credit unions is not grounded in the text and structure of the Federal Credit Union Act. In addition, the term "other fees" in 12 C.F.R. § 701.21(b) does not encompass the Interchange Fee Prohibition. And neither provision of the IFPA is an obstacle to Congress's purposes and objectives in the Federal Credit Union Act.

*Fourth*, as explained in section IV of the Attorney General's memorandum, plaintiffs' dormant commerce clause claims are not ripe and, in any event, rely on an erroneous interpretation of the Illinois "wildcard" statutes governing state-chartered banks, savings associations, and credit unions.

*Fifth*, as explained in section V of the Attorney General's memorandum, at most 12 U.S.C. § 1831a(j)(1) preempts the IFPA only as to activity that out-of-state state banks perform from branches physically located in Illinois.

*Sixth*, as explained in section VI of the Attorney General's memorandum, no conflict exists between the "Durbin Amendment" to the Electronic Funds Transfer Act, on the one hand, and the Interchange Fee Prohibition, on the other.

*Seventh*, as explained in section VII of the Attorney General's memorandum, sovereign immunity bars plaintiffs' claim that state law "severability principles" preclude enforcement of the IFPA against credit unions.

*Eighth*, as explained in section VIII of the Attorney General's memorandum, the Court's equitable powers do not authorize it to disregard Congress's intent that National Bank Act preemption applies only to national banks.

For these reasons, and as explained more fully in his supporting memorandum, the Attorney General respectfully moves the Court for summary judgment on all plaintiffs' claims pursuant to Federal Rule of Civil Procedure 56(a).

Dated: April 23, 2025                                Respectfully submitted,

                                                                         /s/ Darren Kinkead
                                                                         R. Douglas Rees
                                                                         Alex Hemmer
                                                                         Darren Kinkead
                                                                         Office of the Attorney General
                                                                         115 South LaSalle Street
                                                                         Chicago, IL 60603
                                                                         (773) 590-6967
                                                                         Darren.Kinkead@ilag.gov