## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, and ILLINOIS CREDIT UNION LEAGUE,<br><br><br>Plaintiffs,<br><br><br>-v-<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br><br>Defendant. | Case No. 1:24-cv-07307<br><br>Honorable Virginia M. Kendall |

**MOTION OF AMICI CURIAE ILLINOIS RETAIL MERCHANTS ASSOCIATION, ILLINOIS FUEL AND RETAIL ASSOCIATION, NATIONAL ASSOCIATION OF CONVENIENCE STORES, NATIONAL RETAIL FEDERATION, AND FOOD MARKETPLACE INC. DBA FMI-THE FOOD INDUSTRY ASSOCIATION FOR LEAVE <u>TO PARTICIPATE IN ORAL ARGUMENT</u>**

Amici the Illinois Retail Merchants Association ("IRMA"), the Illinois Fuel and Retail Association ("IFRA"), the National Association of Convenience Stores ("NACS"), the National Retail Federation ("NRF"), and the Food Marketplace Inc. dba FMI-the Food Industry Association ("FMI") (collectively, "Merchant Amici") respectfully move for leave to participate in the oral argument that this Court scheduled for October 22, 2025 at 12:30 PM, regarding the parties' cross motions for summary judgment. The Attorney General does not oppose and has agreed to yield 10 minutes of his allotted time to the Merchant Amici. Plaintiffs intend to file a response indicating their position after the present motion has been filed.

The Merchant Amici and their members are the direct beneficiaries of the challenged statute, which in turns benefits consumers, communities, and a competitive market. As described below, they represent thousands of retailers in Illinois and across the country. The Merchant Amici's members are the primary targets of a multi-billion-dollar interchange fee practice. Merchants are required to pay interchange fees set by payment card networks like Visa and Mastercard to banks issuing credit and debit cards—*i.e.*, Plaintiffs' members—as a condition of accepting credit- and debit-card payments. Because the Illinois Interchange Fee Prohibition Act (IFPA) imposes commonsense limitations on those interchange fees, the Merchant Amici have a real and direct interest in this litigation. Moreover, the Merchant Amici have direct experience with how interchange fees are set and implemented and can assist in explaining to the Court how these practical realities help demonstrate the IFPA is not preempted.

IRMA is the only statewide organization exclusively representing retailers in Illinois. IRMA advocates for policies to benefit retailers at all levels of Illinois government, from the state legislature to Chicago City Hall to regulatory agencies across the state. IRMA's members operate more than 23,000 stores of all sizes and merchandise lines throughout Illinois.

1

IFRA is a trade association of businesses in the petroleum distribution industry, such as petroleum marketers and convenience stores. IFRA members operate over 1,000 gas stations in Illinois and assist the State in collecting over $2.5 billion in state motor fuel taxes every year. IFRA also advocates on behalf of its members before the Illinois Governor, regulatory agencies, and Legislature, and partners with multiple national associations to advocate in Washington, D.C.

NACS is the leading global trade association dedicated to the convenience and fuel retailing industries. Its members include over 1,300 retail merchants and over 1,600 suppliers, of all sizes. Among other things, NACS publishes frequent thought-leadership pieces on the convenience and fuel retailing industry, advocates for policy issues before Congress and federal government agencies, and hosts events and other opportunities to connect NACS members and share insight on issues affecting the entire industry. More than 5,000 convenience stores operate in the State of Illinois and employ more than 83,000 people.

NRF is the world's largest retail trade association. Its members include over 17,000 merchants across the diverse retail industry, including department stores, restaurants, grocery stores, Internet retailers, and others. Among other things, NRF advocates for policies that will benefit the retail industry and provides a professional network for thousands of industry representatives. Many of NRF's members operate in the State of Illinois.

FMI is a trade association representing members in the food industry across the entire consumer food supply chain. Its members include over 40,000 retail food stores and 25,000 pharmacies. Among other things, FMI provides its members a forum to engage in dialogue on matters affecting all aspects of the food supply chain, and it advocates for policies in federal and

state governments that will benefit the food industry. Many of FMI's members operate in the State of Illinois.

Earlier in this case, the Merchant Amici moved for leave to file a brief as *amici curiae* in support of the IFPA, ECF No. 135, which this Court granted, ECF No. 142. That motion explained how IRMA, IFRA, NRF, NACS, and FMI have an interest in their members not being charged excessive interchange fees on funds that are not theirs, such as taxes and tips, and in safeguarding the ability of states like Illinois to protect the interests of merchants and consumers from such economically harmful practices. The accompanying Brief of Amici Curiae explained how the practical implementation of interchange fees by card networks and merchants confirmed that the IFPA is not preempted and that, even if portions of that law are preempted, they are severable and any injunction should not extend to prohibiting enforcement against non-bank entities like the card networks.

The Merchant Amici therefore request leave to participate in oral argument so that this Court can hear the position of the directly affected parties. There are at least three reasons to allow this participation.

*First*, while the Merchant Amici are aligned with the Attorney General on the ultimate conclusion that Plaintiffs' challenge to the IFPA should be rejected, the Merchant Amici are differently situated from the Attorney General and have advanced additional arguments in support of the statute. Unlike the Attorney General, the Merchant Amici are directly responsible for paying the offending interchange fees. Moreover, the Merchant Amici advance arguments in support of the IFPA based on their experience of being charged and remitting interchange fees that are not raised by the Attorney General. In their *amici curiae* brief, the Merchant Amici argued that the IFPA's interchange fee prohibition does not implicate the banks' "exercise of its

powers" or the "business of banking," and thus is not covered by the National Banking Act. ECF No. 135-1, at 3-6. Rather, the brief argues that the statute implicates the business of payment card networks like Visa and Mastercard, an argument the Merchant Amici are well suited to make by virtue of their direct interaction with payment card networks and payment of interchange fees.

*Second*, the Merchant Amici advance factual arguments that are different from the Attorney General's. For purposes of the litigation, the Attorney General largely does not challenge the factual accuracy of the Plaintiffs' supporting affidavits, the factual basis for its preemption argument. *See, e.g.*, ECF No. 103, at 48 ("We have not disputed the factual accuracy of any of those affidavits . . . for purposes of this preliminary injunction."). The Merchant Amici *do* contest their accuracy and have submitted an expert report in support of their *amici* brief, which details why the changes required by the IFPA are not nearly as burdensome as the Plaintiffs suggest. *See* ECF No. 135-2. Oral argument on this point would be helpful to the Court in determining the degree of "interference" in bank functions, a relevant question under the applicable federal statutes.

*Third*, allowing the Merchant Amici to participate will cause no disruption to the proceedings. The Attorney General has already agreed to cede ten minutes of its allotted time, so allowing the Merchant Amici to participate will not interfere with the length of the hearing. Moreover, the Merchant Amici intend to use this time efficiently, covering only those issues for which they have provided unique arguments and are uniquely situated to assist the Court's deliberations.

In short, the Merchant Amici are situated differently from the Parties as they are the entities paying the interchange fees under the IFPA, have offered unique arguments that would

assist the Court's legal and factual analysis, and would cause no disruption to the Court's schedule.

For the foregoing reasons, the Merchant Amici respectfully request leave to participate in the oral argument scheduled for October 22, 2025.

Respectfully submitted,

*/s/ Owen Glist*
Owen Glist (*pro hac vice*)
CONSTANTINE CANNON LLP
6 E 43rd St Fl. 26
New York, NY 10017
Tel.: (212) 350-2700
Fax: (212) 350-2701
oglist@constantinecannon.com

Jeffrey I. Shinder (*pro hac vice forthcoming*)
SHINDER CANTOR LERNER LLP
14 Penn Plaza, Suite 1900
New York, NY 10122
Tel.: (646) 960-8602
jeffrey@scl-llp.com

Patrick M. Kennedy (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., NW, 1300N
Washington, D.C. 20004
Tel.: (202) 204-3500
Fax: (202) 204-3501
pkennedy@constantinecannon.com

Paul E. Slater
David P. Germaine
Sperling & Slater, LLC
55 W. Monroe Street, 32nd Floor
Chicago, Il 60603
Tel: (312) 641-3200
pes@sperling-law.com

*Attorneys for Illinois Retail Merchants Association,*
*Illinois Fuel and Retail Association, National*
*Association of Convenience Stores, the National*
*Retail Federation, and FMI-The Food Industry*
*Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2025, a copy of the foregoing document was served on all counsel of record via CM-ECF.

*/s/ Owen Glist*
Owen Glist

*Attorney for Illinois Retail Merchants Association, Illinois Fuel and Retail Association, National Association of Convenience Stores, the National Retail Federation, and FMI-The Food Industry Association*
