IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS and ILLINOIS CREDIT LEAGUE,<br><br>*Plaintiffs*,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br>*Defendant*. | Case No. 1:24-cv-07307<br><br>Hon. Virginia M. Kendall |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE RETAIL ASSOCIATIONS' MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

Plaintiffs Illinois Bankers Association ("IBA"), American Bankers Association ("ABA"), America's Credit Unions ("ACU"), and Illinois Credit Union League ("ICUL"), by and through their attorneys, respectfully submit this Memorandum in Opposition to Amici Curiae Illinois Retail Merchants Association, Illinois Fuel and Retail Association, National Association of Convenience Stores, National Retail Federation, and Food Marketplace Inc. d/b/a FMI-The Food Industry Association's (collectively, the "Retail Associations") Motion for Leave to participate in oral argument on the parties' cross-motions for summary judgment scheduled for October 22, 2025 at 12:30 pm.

**ARGUMENT**

The Retail Associations had unsuccessfully sought to participate in this case as intervenors, and their request for oral argument appears to be a procedurally improper effort to relitigate that decision. In denying their intervention motion, this Court properly determined that "because the

1

state adequately represents Illinois merchants' interest in the IFPA, permitting Proposed Intervenor Defendants to join the lawsuit would needlessly use up the Court's time and resources." Dkt. No. 112 at 3. Plaintiffs and Defendant then proceeded expeditiously to summary judgment, filing cross-motions, responses, and reply briefs that fully present the issues in this case for the Court's consideration at oral argument. See Dkt. Nos. 123, 138, 146, 154.

Permitting the Retail Associations to participate at oral argument would again "needlessly use up the Court's time and resources." Any legal arguments the Retail Associations might wish to advance have already been provided to the Court in their amicus brief. Dkt. No. 135. To the extent any issues merit further discussion at argument, they can be fully and capably covered by counsel for the Attorney General.

Even more concerning is the Retail Associations explicit contention that they wish to use time at oral argument to "advance factual arguments that are different from the Attorney General's"—specifically, to "contest [the] accuracy" of "Plaintiffs' supporting affidavits." Dkt. No. 162 at 5. That is a wholly inappropriate role for a non-party. The Retail Associations declare that they will rely on the "expert report" submitted along with their *amici* brief to challenge Plaintiffs' factual submissions. Id. But the Retail Associations' putative "expert" was never subjected to *Daubert* scrutiny or made available for cross-examination. It would be contrary to fundamental norms of adversary procedure to allow the Retail Associations to use his factual assertions to challenge Plaintiffs' evidence at summary judgment—and especially if that evidence is uncontested among the parties to the litigation. See McCarthy v. Fuller, No. 08-cv-994, 2012 WL 1067863, at *1-2 (S.D. Ind. Mar. 29, 2012) (rejecting amicus filing offering to "aid the court by providing facts, insights, and explanations" because "that description suggests the type of contribution a fact or expert witness would offer, and witnesses must be subject to discovery");

2

*Kitzmiller v. Dover Area Sch. Dist.*, No. 04-cv-2688, 2005 WL 2736500, at *1-2 (M.D. Pa. Oct. 24, 2005) (striking amicus brief of former expert witnesses of defendants where "inclusion of such information in an ad hoc unsolicited fashion, when Plaintiffs have not had the opportunity to cross-examine such expert witness is clearly inappropriate under the circumstances"); *State of N.Y. v. Microsoft Corp.*, No. 98-cv-1233, 2002 WL 31628215, at *1 (D.D.C. Nov. 14, 2002) (denying motions to participate as amicus curiae where "the information contained in the proposed amicus briefs is akin to 'unsworn expert testimony'").

In sum, allowing the Retail Associations time at argument to assail Plaintiffs' factual submissions would undermine this Court's prior decision to deny their motion to intervene and could improperly complicate this litigation. Indeed, it would go further, giving them the benefit of being a party with none of the reciprocal obligations.

## CONCLUSION

For the foregoing reasons, the Court should deny the Retail Associations' motion to participate in oral argument.

Dated: September 22, 2025

Carolyn Settanni (*pro hac vice*)
ILLINOIS BANKERS ASSOCIATION
194 East Delaware Place, Ste. 500
Chicago, IL 60611
Telephone: +1.312.453.0167
csettanni@illinois.bank

Thomas Pinder (*pro hac vice*)
Andrew Doersam (*pro hac vice*)
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave NW
Washington, DC 20036
Telephone: +1.202.663.5035
TPinder@aba.com
adoersam@aba.com

Ann C. Petros (*pro hac vice*)
AMERICA'S CREDIT UNIONS
4703 Madison Yards Way, Suite 300
Madison, WI 53705
Telephone: +1.703.581.4254
APetros@americascreditunions.org
chunt@americascreditunions.org

Ashley Niebur Sharp (*pro hac vice*)
ILLINOIS CREDIT UNION LEAGUE
225 South College, Suite 200
Springfield, Illinois 62704
Telephone: +1.217.372.7555
Ashley.Sharp@ICUL.com

Respectfully submitted,

/s/ *Bethany K. Biesenthal*
Bethany K. Biesenthal (N.D. Ill. 6282529)
Shea F. Spreyer (N.D. Ill. 6335869)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
bbiesenthal@jonesday.com
sfspreyer@jonesday.com

Charlotte H. Taylor (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
ctaylor@jonesday.com

Matthew J. Rubenstein (*pro hac vice*)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: +1.612.217.8800
Facsimile: +1.844.345.3178
mrubenstein@jonesday.com

Boris Bershteyn (*pro hac vice*)
Kamali P. Willett (*pro hac vice*)
Sam Auld (*pro hac vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
kamali.willett@skadden.com
sam.auld@skadden.com

Amy Van Gelder (N.D. Ill. 6279958)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
320 South Canal Street

Chicago, IL 60606
amy.vangelder@skadden.com

*Attorneys for Illinois Bankers Association, American Bankers Association, America's Credit Unions, and Illinois Credit Union League*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 22, 2025, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

/s/ *Bethany K. Biesenthal*

*Attorney for Illinois Bankers Association, American Bankers Association, America's Credit Unions, and Illinois Credit Union League*