UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, and ILLINOIS CREDIT UNION LEAGUE,<br><br>Plaintiffs,<br><br>-v-<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br>Defendant. | Case No. 1:24-cv-07307<br><br>Honorable Virginia M. Kendall |

**AMICI CURIAE ILLINOIS RETAIL MERCHANTS ASSOCIATION, ILLINOIS FUEL AND RETAIL ASSOCIATION, NATIONAL ASSOCIATION OF CONVENIENCE STORES, NATIONAL RETAIL FEDERATION, AND FOOD MARKETPLACE INC. DBA FMI-THE FOOD INDUSTRY ASSOCIATION REPLY IN SUPPORT OF MOTION <u>FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT</u>**

Amici the Illinois Retail Merchants Association ("IRMA"), the Illinois Fuel and Retail Association ("IFRA"), the National Association of Convenience Stores ("NACS"), the National Retail Federation ("NRF"), and the Food Marketplace Inc. dba FMI-the Food Industry Association ("FMI") (collectively, "Merchant Amici") respectfully file this reply in support of their motion for leave to participate in the oral argument that this Court scheduled for October 22, 2025 at 12:30 PM, regarding the parties' cross motions for summary judgment.

The Court should grant the motion to participate in argument. Amici's brief presents "ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Chamberlain Grp., Inc. v. Interlogix, Inc.*, 2004 WL 1197258, at *1 (N.D. Ill. May 28, 2004). This Court confirmed as much when it gave Merchant Amici leave to file that brief, which made legal arguments the State has not and attached an expert report providing crucial factual context into how payment card networks work. The State likewise agrees that Amici's involvement in the argument would assist the Court, as it has agreed to cede ten minutes of its time to Merchant Amici. Granting Merchant Amici's motion thus would not lengthen the hearing or expand the issues before the Court. It would simply ensure that the Court has the benefit of oral argument on issues it has already agreed to consider.

The arguments that Plaintiffs raise in opposition fail for at least three reasons.

*First*, Merchant Amici's involvement is necessary to protect their distinct interests and answer the Court's questions about arguments only they advance. Merchant Amici are the direct beneficiaries of the Illinois Interchange Fee Prohibition Act ("the Act"). Merchant Amici's members pay billions in interchange fees every year. Plaintiffs' bid to strike down the Act thus directly threatens Merchant Amici's interests. Plaintiffs contest none of this.

In line with their germane interest, Merchant Amici have presented "ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Chamberlain Grp.*, 2004 WL 1197258, at *1; *see also* Motion to Participate at 3-4. For instance, Plaintiffs argue that the Act interferes with national bank powers because it conflicts with an Office of the Comptroller of Currency regulation, 12 C.F.R. § 7.4002(a). The State addresses that regulation in a single sentence. *See* State's MSJ, ECF No. 138, at 11. Merchant Amici argue that the Act does not conflict with that regulation because it applies only to fees "each bank" sets "on a competitive basis," which is not true of interchange fees. Merchant Amici Br., ECF No. 135, at 7 (citation omitted). Merchant Amici likewise offer distinct arguments why Dodd-Frank's preemption provision does not apply, including that Congress expressly recognized and preserved state power to regulate interchange fees in the Durbin Amendment. *Id.*

Beyond these distinct legal arguments, the Merchant Amici also advance factual arguments the State has not. Motion to Participate at 4. The State chose not to dispute Plaintiffs' factual representations. ECF No. 103, at 4. But Merchant Amici are intimately familiar with how interchange fees work, and Plaintiffs have misrepresented their operation. Merchant Amici have thus provided the Court critical factual context, including why, given the way interchange fees are calculated and collected, the Act imposes no interference with the exercise of national bank powers.

Plaintiffs argue that Merchant Amici's legal arguments "have already been provided to the Court in their amicus brief" and that "the Attorney General" can discuss those issues further at argument. Opp. at 2. *Id.* But the Court scheduled a hearing for a reason—oral argument sharpens the issues and ensures the Court's questions are answered. And the Attorney General should not be required to make Merchant Amici's *distinct* legal arguments for them, as confirmed by the

Attorney General's agreement to cede time to Merchant Amici. This Court confirmed that Merchant Amici's brief presented "ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs" when it granted the motion for leave to file it. *Chamberlain Grp., Inc.*, 2004 WL 1197258, at *1. For the same reasons, Merchant Amici's participation in the hearing will assist the Court.

*Second*, Plaintiffs' objections to Merchant Amici's factual arguments come too late and are misplaced in any event. Plaintiffs suggest that Merchant Amici cannot rely on the expert report attached to its amicus brief. Opp. at 2-3. But Plaintiffs did not oppose Merchant Amici's motion for leave to file that brief, which attached the report in question. Plaintiffs have thus waived any right to argue that report is not before the Court. *See NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 787 (7th Cir. 2000) (failure to object to expert report that "was on file for months" and which litigant knew "contained new theories" constitutes waiver). Moreover, this Court *granted* Merchant Amici's motion to file the brief and accompanying expert report. And, in any event, Plaintiffs do not contend that any aspect of the report is inaccurate.

*Third*, the reasons this Court denied Merchant Amici's motion to intervene do not warrant denying the motion to participate in oral argument. Plaintiffs contend that granting Merchant Amici's motion to participate in argument would "undermine this Court's prior decision to deny their motion to intervene" because the Court found that intervention would "needlessly use up this Court's time and resources." Opp. at 2-3. But allowing Merchant Amici to participate in the hearing will do neither. Merchant Amici's involvement will not expand the length of the hearing because the State has offered to cede ten minutes of its time. Nor will Merchant Amici's participation expand the issues before the Court. The Court has already granted Merchant Amici's motion for leave to file an amicus brief, so the arguments presented in that brief are already before

3

the Court. Merchant Amici's involvement in the hearing would only enhance this Court's ability to consider those arguments.

Respectfully submitted,

*/s/ Owen Glist*
Owen Glist (*pro hac vice*)
CONSTANTINE CANNON LLP
230 Park Ave, 17th FloorNew York, NY 10017
Tel.: (212) 350-2700
Fax: (212) 350-2701
oglist@constantinecannon.com

Jeffrey I. Shinder (*pro hac vice forthcoming*)
SHINDER CANTOR LERNER LLP
14 Penn Plaza, Suite 1900
New York, NY 10122
Tel.: (646) 960-8602
jeffrey@scl-llp.com

Patrick M. Kennedy (*pro hac vice*)
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., NW, 1300N
Washington, D.C. 20004
Tel.: (202) 204-3500
Fax: (202) 204-3501
pkennedy@constantinecannon.com

Paul E. Slater
David P. Germaine
Sperling & Slater, LLC
55 W. Monroe Street, 32nd Floor
Chicago, Il 60603
Tel: (312) 641-3200
pes@sperling-law.com

*Attorneys for Illinois Retail Merchants Association, Illinois Fuel and Retail Association, National Association of Convenience Stores, the National Retail Federation, and FMI-The Food Industry Association*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2025, a copy of the foregoing document was served on all counsel of record via CM-ECF.

                                                                                     */s/ Owen Glist*
                                                                                     Owen Glist

                                                                                     *Attorney for Illinois Retail Merchants Association, Illinois Fuel and Retail Association, National Association of Convenience Stores, the National Retail Federation, and FMI-The Food Industry Association*