**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

ILLINOIS BANKERS ASSOCIATION,
AMERICAN BANKERS ASSOCIATION,
AMERICA'S CREDIT UNIONS, and
ILLINOIS CREDIT UNION LEAGUE,

        *Plaintiffs*,

    v.

KWAME RAOUL, in his official capacity as
Illinois Attorney General,

        *Defendant*.

Case No. 1:24-cv-07307

Hon. Virginia M. Kendall

**PLAINTIFFS' MOTION TO RECONSIDER IN PART**
**THE DENIAL OF SUMMARY JUDGMENT**

As set forth in the Notice filed on June 8, 2026 by Plaintiffs Illinois Bankers Association ("IBA"), American Bankers Association ("ABA"), America's Credit Unions ("ACU"), and Illinois Credit Union League ("ICUL"), Dkt. No. 224, the National Credit Union Administration ("NCUA") has issued an interim final rule, 91 Fed. Reg. 34,725 (June 9, 2026) ("NCUA Rule"), which affects the issues in this case. Specifically, the NCUA Rule is relevant to whether the Federal Credit Union Act ("FCUA") preempts the ban imposed by the Interchange Fee Prohibition Act ("IFPA") on receiving or charging interchange on the tax and tip portion of transactions in Illinois ("Interchange Fee Prohibition"). Both Plaintiffs and Defendant are mindful that this Court has contemplated limited proceedings following the Seventh Circuit's remand, but agree that it is appropriate for this Court to consider, in the first instance, the effect of the NCUA Rule on this case. Plaintiffs therefore respectfully move for the Court to reconsider in part the denial of Plaintiffs' motion for summary judgment in light of the NCUA's rule.

This Court previously held (as relevant here) that federal law does not preempt the Interchange Fee Prohibition as applied to national banks, Federal savings associations, or federal credit unions. Dkt. No. 179 at 15-28, 31-34. Plaintiffs appealed this Court's final judgment insofar as it denied their request for declaratory judgment that the Interchange Fee Prohibition is invalid as to those institutions and corresponding permanent injunctive relief. Dkt. Nos. 181, 196.[1] After merits briefing was complete, but before the Seventh Circuit heard oral argument, the Office of the Comptroller of the Currency ("OCC") issued an Interim Final Rule and an Order addressing preemption of the IFPA. The Seventh Circuit then vacated this Court's judgment and remanded the case so that this Court could address the OCC's actions in the first instance. Dkt. No. 210.

On remand, with the Court's permission, the parties submitted supplemental briefs responding to each other's supplemental Seventh Circuit briefs on the significance of the OCC's actions. Dkt. Nos. 217, 218. On June 1, 2026, this Court issued a Memorandum Opinion and Order holding that the Interchange Fee Prohibition is preempted as applied to national banks, Federal savings associations, and out-of-state state-chartered banks. Dkt. No. 223. The Memorandum Opinion and Order did not revisit whether the FCUA preempts the Interchange Fee Prohibition as applied to federal credit unions. Id. at 25 n.15. Subsequently, however, the NCUA issued its interim final rule addressing federal credit union powers and FCUA preemption. On June 10, 2026, following on its June 1 Memorandum Opinion and Order, this Court entered a permanent injunction barring the Attorney General from enforcing the Interchange Fee Prohibition and Data Usage Limitation against certain enumerated entities. As of this filing, the Court has not separately entered final judgment.

---

[1] Plaintiffs also appealed the denial of injunctive relief in other ways that are not relevant to this motion, including by challenging this Court's conclusion that the dormant Commerce Clause does not prohibit Illinois from enforcing the IFPA against out-of-state financial institutions.

Because the NCUA Rule is an intervening change in controlling law, Plaintiffs respectfully request reconsideration of the Court's June 1 Memorandum Opinion and Order's conclusion that the FCUA does not preempt the Interchange Fee Prohibition.  *See Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012) (noting that "controlling or significant change in the law" can justify reconsideration); *see also, e.g.*, *Hendricks v. Lauber*, No. 16 C 627, 2017 WL 4899301 (N.D. Ill. Oct. 24, 2017) (granting motion for reconsideration based on intervening change in law).[2]

The Attorney General opposes Plaintiffs' motion for reconsideration insofar as it seeks additional relief under the FCUA.  But the parties are in agreement that affording this Court the opportunity to consider the impact of the NCUA rule by providing prompt, limited briefing will help avoid piecemeal litigation and so promote efficiency.

In their Notice of Presentment filed today, Plaintiffs are setting this motion for presentment at 9:30 a.m. on Wednesday, June 17, 2026.  However, the parties jointly propose that this Court enter a briefing schedule calling for each side to file a brief of no more than 5 pages on or before June 18, 2026, limited to the effect of the NCUA rule on this case.  If this Court so directs, the presentment conference may no longer be necessary.

---

[2] Because Plaintiffs do not understand the June 1 Memorandum Opinion and Order to constitute a final judgment under Federal Rule of Civil Procedure 58, Plaintiffs bring their reconsideration motion under Federal Rule of Civil Procedure 54(b) and the Court's inherent authority. *See Caine*, 897 F. Supp. 2d at 716 ("[C]ourts in this District have construed motions to reconsider interlocutory orders … as arising under [Federal] Rule [of Civil Procedure] 54(b) in addition to the Court's inherent authority and the common law."). If the Court determines that final judgment has effectively been entered in this case, Plaintiffs respectfully request that the Court construe their motion as a request to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Caine*, 897 F. Supp. 2d at 716 (distinguishing between Rule 59(e) "motions to alter or amend judgments" and motions for reconsideration of interlocutory orders). Notably, "an intervening change in controlling law" is also among the proper bases for relief under Rule 59(e). *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998).

Dated: June 12, 2026

Respectfully submitted,

/s/ *Bethany K. Biesenthal*

Carolyn Settanni (*pro hac vice*)
ILLINOIS BANKERS ASSOCIATION
194 East Delaware Place, Ste. 500
Chicago, IL 60611
Telephone: +1.312.453.0167
csettanni@illinois.bank

Thomas Pinder (*pro hac vice*)
Andrew Doersam (*pro hac vice*)
AMERICAN BANKERS ASSOCIATION
1333 New Hampshire Ave NW
Washington, DC 20036
Telephone: +1.202.663.5035
TPinder@aba.com
adoersam@aba.com

Ann C. Petros (*pro hac vice*)
AMERICA'S CREDIT UNIONS
4703 Madison Yards Way, Suite 300
Madison, WI 53705
Telephone: +1.703.581.4254
APetros@americascreditunions.org
chunt@americascreditunions.org

Ashley Niebur Sharp (*pro hac vice*)
ILLINOIS CREDIT UNION LEAGUE
225 South College, Suite 200
Springfield, Illinois 62704
Telephone: +1.217.372.7555
Ashley.Sharp@ICUL.com

Bethany K. Biesenthal (N.D. Ill. 6282529)
Shea F. Spreyer (N.D. Ill. 6335869)
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
bbiesenthal@jonesday.com
sfspreyer@jonesday.com

Charlotte H. Taylor (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626.1700
ctaylor@jonesday.com

Matthew J. Rubenstein (*pro hac vice*)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone: +1.612.217.8800
Facsimile: +1.844.345.3178
mrubenstein@jonesday.com

Boris Bershteyn (*pro hac vice*)
Kamali P. Willett (*pro hac vice*)
Sam Auld (*pro hac vice*)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
boris.bershteyn@skadden.com
kamali.willett@skadden.com
sam.auld@skadden.com

Amy Van Gelder (N.D. Ill. 6279958)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
320 South Canal Street

Chicago, IL 60606
amy.vangelder@skadden.com

*Attorneys for Illinois Bankers Association,
American Bankers Association, America's
Credit Unions, and Illinois Credit Union
League*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on June 12, 2026, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

/s/ *Bethany K. Biesenthal*

*Attorney for Illinois Bankers Association, American Bankers Association, America's Credit Unions, and Illinois Credit Union League*

5