**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS, and ILLINOIS CREDIT UNION LEAGUE,<br><br>*Plaintiffs*,<br><br>v.<br><br>KWAME RAOUL, in his official capacity as Illinois Attorney General,<br><br>*Defendant*. | Case No. 1:24-cv-07307<br><br>Hon. Virginia M. Kendall |

**STIPULATION OF FINAL JUDGMENT SUBJECT TO RESERVATION OF RIGHT TO APPEAL**

WHEREAS, on August 15, 2024, Plaintiffs Illinois Bankers Association, American Bankers Association, America's Credit Unions, and Illinois Credit Union League brought this action against Defendant Kwame Raoul in his official capacity as Illinois Attorney General and challenged the Illinois Interchange Fee Prohibition Act's, 815 ILCS 151/150-1 *et seq*. ("IFPA") Interchange Fee Prohibition and Data Usage Limitation Provisions as unlawful (Dkt. 1);

WHEREAS, after the Court preliminarily enjoined Defendant from enforcing the IFPA's Interchange Fee Prohibition and Data Usage Limitation Provisions in certain respects (Dkt. 104, 115), Plaintiffs moved for summary judgment and a permanent injunction (Dkt. 123), and Defendants cross-moved for summary judgment (Dkt. 132);

WHEREAS, on February 10, 2026, the Court issued an Memorandum Opinion & Order granting in part and denying in part the Parties' summary judgment motions and permanently enjoined Defendant from enforcing the IFPA's Data Usage Limitation in certain respects. (Dkt. 179.) Specifically, the Court ruled: (1) that there are no genuine issues of material fact and that Plaintiffs are entitled to judgment as a matter of law that the IFPA's Data Usage Limitation, H.B. 4951, Section 150, 815 ILCS 151/150-15(b), is preempted by the National Bank Act, the Home

Owners' Loan Act, the Federal Credit Union Act as to certain entities, and is further invalid under other sources of federal law; (2) that Plaintiffs will suffer irreparable harm absent injunctive relief, that the balance of equites favors permanently enjoining Defendant from enforcing the IFPA's Data Usage Limitation against certain entities, and that the public interest will be served by entry of a permanent injunction; and (3) Defendants are not entitled to a permanent injunction of the IFPA's Interchange Fee Prohibition or of the IFPA's Data Usage Limitation against certain other entities;

WHEREAS, on February 27, 2026, the Court entered a corresponding final judgment and permanent injunction (Dkt. 193, 194);

WHEREAS, on May 8, 2026, the Seventh Circuit vacated this Court's judgment and remanded for the Court to consider in the first instance the effect on this case of an Interim Final Rule, 91 Fed. Reg. 22,998 (Apr. 29, 2026), and Order, 91 Fed. Reg. 23,150 (Apr. 29, 2026), issued by the Office of the Comptroller of the Currency ("OCC");

WHEREAS, this Court issued a decision on June 1, 2026 concluding that (1) enforcement of the Interchange Fee Prohibition is preempted as to national banks, federal savings associations, and banks chartered by states other than Illinois; (2) the remaining requirements for a permanent injunction are met; and (3) the Court's prior determinations with respect to other issues including the Data Usage Limitation remain in effect (Dkt. 223);

WHEREAS, this Court issued a further decision on September 22, 2026 concluding that enforcement of the Interchange Fee Prohibition is also preempted as to federal credit unions (Dkt. 240);

WHEREAS, the Parties have agreed to entry of this Stipulated Final Judgment and Order Entering Permanent Injunction to finally resolve all issues in the case while preserving all rights to appeal;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Judgment is entered in Plaintiffs' favor on their claims that the IFPA's Interchange Fee Prohibition is preempted or invalid as to (1) national banks; (2) banks chartered by states other than Illinois, *see* 12 U.S.C. § 1831a(j)(1); (3) federal savings associations; (4) federal credit unions; and (5) other entities participating in an electronic payment transaction, such as Payment Card Networks and processors, to the extent they are carrying out the functions that facilitate the powers of any of the foregoing entities implicated by the Interchange Fee Prohibition;

2. The Court **DECLARES** that the IFPA's Interchange Fee Prohibition is preempted or invalid as to (1) national banks; (2) banks chartered by states other than Illinois, *see* 12 U.S.C. § 1831a(j)(1); (3) federal savings associations; (4) federal credit unions; and (5) other entities participating in an electronic payment transaction, such as Payment Card Networks and processors, to the extent they are carrying out the functions that facilitate the powers of any of the foregoing entities implicated by the Interchange Fee Prohibition;

3. Defendant Kwame Raoul in his official capacity as Illinois Attorney General is **PERMANENTLY ENJOINED** from enforcing the IFPA's Interchange Fee Prohibition against (1) national banks; (2) banks chartered by states other than Illinois, *see* 12 U.S.C. § 1831a(j)(1); (3) federal savings associations; (4) federal credit unions and (5) other entities participating in an electronic payment transaction, such as Payment Card Networks and processors, to the extent they are carrying out the functions that facilitate the powers of any of the foregoing entities implicated by the Interchange Fee Prohibition.

4. Judgment is entered in Defendant's favor on Plaintiffs' claims that the IFPA's Interchange Fee Prohibition is preempted or invalid as applied to (1) savings associations or savings banks chartered by states other than Illinois; and (2) credit unions chartered by states other

than Illinois, and Plaintiffs' motion to permanently enjoin Defendant from enforcing the IFPA's Interchange Fee Prohibition is **DENIED** as to those foregoing entities;

5. Judgment is entered in Plaintiffs' favor on their claims that the IFPA's Data Usage Limitation is preempted or invalid as to (1) national banks; (2) banks chartered by states other than Illinois, *see* 12 U.S.C. § 1831a(j)(1); (3) federal savings associations; (4) federal credit unions; and (5) other entities participating in an electronic payment transaction, such as Payment Card Networks and processors, to the extent they are carrying out the functions that facilitate the powers of any of the foregoing entities implicated by the Data Usage Limitation;

6. The Court **DECLARES** that the IFPA's Data Usage Limitation is preempted or invalid as to (1) national banks; (2) banks chartered by states other than Illinois, *see* 12 U.S.C. § 1831a(j)(1); (3) federal savings associations; (4) federal credit unions; and (5) other entities participating in an electronic payment transaction, such as Payment Card Networks and processors, to the extent they are carrying out the functions that facilitate the powers of any of the foregoing entities implicated by the Data Usage Limitation;

7. Defendant Kwame Raoul in his official capacity as Illinois Attorney General is **PERMANENTLY ENJOINED** from enforcing the IFPA's Data Usage Limitation against (1) national banks; (2) banks chartered by states other than Illinois, *see* 12 U.S.C. § 1831a(j)(1); (3) federal savings associations; (4) federal credit unions; and (5) other entities participating in an electronic payment transaction, such as Payment Card Networks and processors, to the extent they are carrying out the functions that facilitate the powers of any of the foregoing entities implicated by the Data Usage Limitation.

8. Judgment is entered in Defendant's favor on Plaintiffs' claims that the IFPA's Data Usage Limitation is preempted or invalid as applied to (1) savings associations or savings banks chartered by states other than Illinois; and (2) credit unions chartered by states other than Illinois,

and Plaintiffs' motion to permanently enjoin Defendant from enforcing the IFPA's Data Usage Limitation is **DENIED** as to those foregoing entities;

9. The Parties stipulate and agree that they have expressly reserved all their rights on appeal to challenge the Court's opinions and orders entered in this case; and

10. This Court shall retain jurisdiction over the Parties to this Stipulated Final Judgment and Order Entering Permanent Injunction, and over interpreting and enforcing the terms of this Stipulated Final Judgment and Order Entering Permanent Injunction, subject to the Parties' rights to appeal set forth above.

SO ORDERED.

Date: September 28, 2026

VIRGINIA M. KENDALL
United States District Judge